NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

DARIN MICHAEL MOORE, *Appellant*.

No. 1 CA-CR 22-0563
FILED 12-14-2023

---

Appeal from the Superior Court in Maricopa County
No. CR2018-139321-001
The Honorable Michael C. Blair, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Susser Law Firm PLLC, Chandler
By Adam M. Susser
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Maria Elena Cruz joined.

_____

**C A T L E T T**, Judge:

¶1　　　　Darin Michael Moore ("Moore") appeals his convictions and resulting sentence for attempted second-degree murder, aggravated assault, and unlawfully discharging a firearm within city limits. Counsel for Moore filed a brief per *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, counsel found no arguable question of law that was not frivolous. Moore was permitted to file a supplemental brief but did not do so. Counsel asks this Court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537 ¶30 (App. 1999). After reviewing the record, we affirm the convictions and sentence.

**FACTS AND PROCEDURAL BACKGROUND**

¶2　　　　On August 9, 2018, Moore was arrested after he shot the victim in Moore's driveway. The victim survived but was partially paralyzed. The State charged Moore with attempted second-degree murder, a class 2 felony, aggravated assault, a class 3 felony, and unlawful discharge of a firearm, a class 6 felony.

¶3　　　　The State did not allege Moore had any prior convictions but did allege four aggravating circumstances—that the offenses involved the infliction of serious physical injury, the use of a deadly weapon, the crimes caused physical, emotional, or financial harm to the victim, and the crimes were dangerous because they involved the use of a deadly weapon. After a six-day trial, a jury returned a guilty verdict, and concluded the State proved all four aggravating circumstances.

¶4　　　　The court sentenced Moore to 8 years in prison for attempted second-degree murder, 7.5 years in prison for aggravated assault, and 2.25 years in prison for unlawful discharge of a firearm. The court ordered the sentences to run concurrently and gave Moore credit for 47 days he had spent in custody. Due to the nature of the victim's injuries, the court retained jurisdiction over restitution, allowing it to remain open for 5 years.

Moore appealed. We have jurisdiction. *See* A.R.S. §§ 13-4031 and 13-4033(A)(1).

## DISCUSSION

**¶5** We have read and considered counsel's brief, and we have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

**¶6** Moore was present and represented by counsel at all critical stages of the proceedings. The record reflects the superior court afforded Moore his constitutional and statutory rights and conducted the proceedings following the Arizona Rules of Criminal Procedure. The court held appropriate pretrial hearings, and the evidence presented at trial was sufficient to support the jury's verdict. The sentence imposed falls within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶7** Moore's conviction and sentence are affirmed. Defense counsel's obligations pertaining to Moore's representation in this appeal will end after informing Moore of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for a petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED:    AA